# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS J. McMANUS**
        **Petitioner,**

     v.                                         **Case No. 04-C-0040**

**THOMAS G. BORGEN, Warden**
        **Respondent.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 2254, petitioner Thomas J. McManus, a Wisconsin state prisoner, seeks a writ of habeas corpus challenging his convictions in LaCrosse County Circuit Court of two felony counts of forgery as a repeater and one count of obstructing an officer, for which he received a total of ten years in prison. Petitioner contends that: (1) his rights under the Interstate Agreement on Detainers ("IAD") were violated when he was not returned from Minnesota to Wisconsin for sentencing; (2) the sentencing court denied him due process by relying on inaccurate information; and (3) his counsel was ineffective at sentencing.

## I. FACTS AND BACKGROUND

In August 1996, petitioner pled guilty to the above offenses, and the court released him pending sentencing. When he failed to appear for sentencing, the court issued an arrest warrant. Petitioner was subsequently arrested and incarcerated in Minnesota on an unrelated offense, and Wisconsin authorities lodged a detainer. Pursuant to the IAD, petitioner sought to be returned to Wisconsin for sentencing, but his request was rejected because the Wisconsin detainer related to a "tried" offense. Eventually, in May 2000,

petitioner was brought back to Wisconsin for sentencing on the forgery and obstructing charges, and counsel was appointed for him. The court sentenced petitioner to time served on the obstruction charge, and consecutive five year terms on the forgery counts. A bail jumping charge, issued based on petitioner's failure to appear at sentencing, was dismissed and read in.

Petitioner filed a post-conviction motion, arguing that prior to sentencing he was forced to take medication, which rendered him incompetent; that his lawyer was ineffective for failing to move to dismiss based on a violation of the IAD; that the judge relied on inaccurate information in the pre-sentence report ("PSR") in imposing sentence; and that the prosecutor committed misconduct is discussing other crimes petitioner allegedly committed. The circuit court denied the motion without a hearing. (Answer Ex. B.)

Petitioner appealed, arguing that his lawyer was ineffective in failing to raise the issue of his competency and that his convictions had to be vacated based on a violation of the IAD. He did not raise the argument that the sentencing court denied him due process by relying on inaccurate information. (Id. Ex. C.) The state court of appeals rejected his arguments, holding as follows:

> McManus first argues that his trial counsel at sentencing was ineffective by not requesting an evaluation of his competency under Wis. Stat. §§ 971.13 and 971.14 (1999-2000). To establish ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A circuit court can properly deny the postconviction motion without a hearing if the defendant presents only "conclusory" allegations, without alleging facts that allow the reviewing court to meaningfully assess his or her claim. State v. Bentley, 201 Wis. 2d 303, 313-14, 548 N.W.2d 50 (1996).
>
> On appeal, McManus argues that his trial counsel was in possession of letters and medical reports that should have given her reason to seek a

2

> determination of his competence because of the "potential" for "lack of comprehension" caused by medications. As the State notes, McManus's postconviction motion alleged that these medications were forced upon him in jail against his will, a claim he does not repeat on appeal. McManus does not tell us where in the record we might find these letters and reports. They are not attached to his postconviction motion, and it appears the circuit court was not aware of them either. We conclude that the motion was properly denied without a hearing. McManus failed to sufficiently allege that counsel had reason to believe McManus actually suffered comprehension problems at sentencing, rather than merely the "potential" for problems. This allegation is also doubtful in light of the transcript of sentencing, which shows McManus lucidly addressing the court in remarks spanning more than seven pages.
>
> McManus next argues that his convictions should be vacated because the State violated the interstate detainer agreement, Wis. Stat. § 976.05, by filing a detainer against him in Minnesota. He asserts that Minnesota advised, incorrectly in his view, that the agreement did not apply because McManus had already been convicted on the pending charges, though not yet sentenced. In other words, he argues that the agreement did apply, and that his convictions should be vacated because he was not provided with the opportunity to ask for a speedy return to Wisconsin for sentencing. We reject this argument because the detainer agreement does not apply when a defendant has been convicted but not yet sentenced. State v. Grzelak, 215 Wis. 2d 577, 573 N.W.2d 538 (Ct. App. 1997).

(Id. Ex. F at 2-3.)

Petitioner sought review in the state supreme court, raising the two issues addressed by the court of appeals, as well as the claim that the trial judge relied on inaccurate information. (Id. Ex. G.) The state supreme court declined to review the case. (Id. Ex. I.) The instant petition followed.

## II. HABEAS STANDARD OF REVIEW

A federal court may grant a writ of habeas corpus to a prisoner held under a state court judgment if his custody violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). However, before a federal court may consider the merits of a habeas petition, a petitioner must satisfy several procedural requirements:

3

> First, a petitioner must exhaust state remedies – that is, give the state's highest court an opportunity to address each claim. To satisfy this requirement, a petitioner must present to the state judiciary both the operative facts and legal principles that control each claim. Second, the petitioner must comply with state rules to avoid procedurally defaulting his claims. A federal court, however, may excuse a procedural default if a petitioner can show either cause for the default and prejudice arising from failure to review the claims, or that failure to review the claims on procedural grounds would result in a fundamental miscarriage of justice.

Mahaffey v. Schomig, 294 F.3d 907, 914-15 (7th Cir. 2002). If a petitioner complies with these requirements, a federal court may adjudicate his habeas petition on the merits.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's federal claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

> A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000). An "unreasonable application" of Supreme Court precedent occurs when "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407, 120 S. Ct. 1495; see also Jackson v. Miller, 260 F.3d 769 (7th Cir. 2001).

4

Dixon v. Snyder, 266 F.3d 693, 700 (7th Cir. 2001) (footnote omitted; alteration in original). The federal habeas court reviews the state court's legal conclusions de novo under § 2254(d), but in order to issue a writ of habeas corpus must conclude that the state court's decision was both incorrect and unreasonable. Id.; see also Williams, 529 U.S. at 411 (holding that the term "unreasonable" in § 2254(d)(1) is not synonymous with "erroneous" or "incorrect"); Ward v. Sternes, 334 F.3d 696, 703 (7th Cir. 2003) (stating that under § 2254(d) habeas court's "task is to uphold those outcomes which comport with recognized conventions of legal reasoning and set aside those which do not").

### III. DISCUSSION

**A.     IAD Claim**

Petitioner first argues that Wisconsin and Minnesota violated the IAD by failing to return him to Wisconsin to be sentenced on the forgery and obstructing charges. The IAD, 18 U.S.C. App. 2; Wis. Stat. § 976.05, is a compact among forty-eight states, the District of Columbia and the Federal Government, which enables a participating state to gain custody of a prisoner incarcerated in another jurisdiction in order to try him on criminal charges. Reed v. Farley, 512 U.S. 339, 341 (1994). The general purpose of the IAD is to ensure that a prisoner may receive a speedy trial notwithstanding his incarceration in another jurisdiction. See United States v. Mauro, 436 U.S. 340, 351 (1978). Thus, Article III(a) of the IAD provides that:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the

5

> prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his or her imprisonment and his or her request for a final disposition to be made of the indictment, information or complaint[.]

18 U.S.C. App. 2, § 2. Article V(c) further provides that if the trial does not occur within the time prescribed the pending charges must be dismissed with prejudice. Id. Because the IAD is both a federal and a state law, a violation thereof is potentially within the jurisdiction of a federal habeas court. See Reed, 512 U.S. at 348-49.

In the present case, the state court of appeals rejected petitioner's IAD claim because petitioner had, at the time the detainer was lodged, already pleaded guilty to the charges. It relied on its previous decision in State v. Grzelak, 215 Wis. 2d 577, 578 (Ct. App. 1997), which held that the IAD does not apply "where the prisoner had already been convicted but not sentenced."

As indicated, petitioner cannot prevail on his habeas claim unless he can establish that this decision was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or that it "was based on an unreasonable determination of the facts," § 2254(d)(2). Petitioner has not met this burden. While he cites various decisions concerning the applicability of the Sixth Amendment's speedy trial guarantee to the sentencing phase, he cites no decision from the Supreme Court holding that the IAD is violated when an already convicted prisoner is not returned for sentencing within the time allotted. In fact, most courts have rejected this argument under the IAD. See, e.g., Prince v. State, 55 P.3d 947, 949 (Nev. 2002) ("Most jurisdictions hold that the 180-day dispositional requirement does not apply to demands for sentencing hearings."); State v.

Burkett, 876 P.2d 1144, 1146 (Ariz. Ct. App. 1993) ("Nearly all jurisdictions that have considered whether the IAD applies to sentencing detainers have concluded that it does not."); State v. Miller, 4 P.3d 570, 575 (Idaho Ct. App. 2000) ("[T]he vast majority of jurisdictions that have considered whether the I.A.D. applies to sentencing detainers have concluded that it does not."); State v. Bates, 689 N.W.2d 479, 481 (Iowa Ct. App. 2004) (collecting cases from thirteen states and holding that "the Interstate Agreement on Detainers does not apply for purposes of expediting sentencing"); Lancaster v. Stubblefield, 985 S.W.2d 854, 856 (Mo. Ct. App. 1998) ("Having been convicted of a crime as a result of his guilty plea, there is no pending indictment, information or complaint sufficient to trigger the IAD."); see also United States v. Coffman, 905 F.2d 330, 333 (10th Cir. 1990) ("We hold that 'trial' in the IAD anti-shuttling provisions does not include sentencing.").[1] But cf. Tinghitella v. California, 718 F.2d 308 (9th Cir. 1983). Thus, petitioner's IAD claim fails.[2]

**B.     Claim that Sentencing Court Relied on Inaccurate Information**

Petitioner's second claim is that he was sentenced based on inaccurate information. He raised this claim before the state trial and supreme courts, but not before the state court of appeals. A petitioner cannot obtain habeas relief unless he provides the state courts

---

[1] Several of the courts which have rejected petitioner's IAD claim rely on Carchman v. Nash, 473 U.S. 716 (1985), a case petitioner cites. In Carchman, the Court held that the IAD did not apply to probation or parole revocation proceedings. Id. at 725.

[2] Petitioner also argues that because there was an untried bail jumping charge pending in Wisconsin his rights under the IAD were violated. However, that charge was dismissed at the time he was sentenced on the forgery and obstructing counts. Thus, even if Wisconsin did violate his rights in this regard, the error was harmless. See Brecht v. Abrahamson, 507 U.S. 619, 638 (1993) (holding that habeas relief may be granted only if the error had a substantial and injurious effect or influence on the outcome)

7

with a full and fair opportunity to review his claim. See Thomas v. McCaughtry, 201 F.3d 995, 999 (7th Cir. 2000). By failing to raise the claim before the state's intermediate court of appeals, where he had an automatic right to review, he procedurally defaulted the claim for federal habeas review.

In his reply brief, petitioner concedes that he failed to raise the claim but argues that there is good cause for the default.[3] Cause sufficient to excuse procedural default is "some objective factor external to the defense" that precludes a petitioner from presenting a claim in state court." Murray v. Carrier, 477 U.S. 478, 492 (1986). Petitioner contends that he was unable to obtain certain documents that were necessary for him to prevail on the claim. However, petitioner did not need any documents to simply raise the claim. Petitioner himself knew or should have known that information in the PSR was inaccurate (particularly concerning his prior record, which seems to be the gravamen of his complaint). There was nothing external preventing him from making the argument in the court of appeals. Moreover, because he was proceeding pro se on direct appeal, he cannot blame counsel for the failure to raise the claim in the state court of appeals. See Dellinger v. Bowen, 301 F.3d 758, 763 (7th Cir. 2002). Thus, petitioner cannot establish cause for the default.

---

[3]In his main brief, petitioner argues that he presented the operative facts of his claim to the state court of appeals. However, even if petitioner did point out certain factual discrepancies, he failed to argue that his due process rights were violated thereby. See Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (holding that for a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted; it is not enough that all the facts necessary to support the federal claim were before the state courts).

8

Petitioner's default might also be excused if he could establish that failure to grant him relief would result in a fundamental miscarriage of justice. However, that occurs only when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Thomas, 201 F.3d at 999 (citing Murray, 477 U.S. at 496). In the present case, petitioner cannot make this showing because he admitted guilt.

**C.      Ineffective Assistance Claim**

Finally, petitioner claims that his counsel was ineffective at sentencing. In his briefs in this court, petitioner argues that his lawyer failed to challenge the inaccurate information presented at sentencing or to raise the issue of the pending bail jumping charge. See n.2, supra. However, the only ineffective assistance claim petitioner presented to the state court of appeals pertained to counsel's failure to challenge his competency. Thus, for the reasons stated in the previous section, he may not raise any other ineffective assistance claims.

Petitioner presents no argument in this court on the ineffective assistance claim that he did properly raise. Thus, he has waived it. See Anderson v. Hardman, 241 F.3d 544,545 (7th Cir. 2001) (holding that even pro se litigants must develop their arguments in order to avoid waiving them). In any event, even if the claim were properly before me, I would have to deny it.

In order to demonstrate ineffective assistance of counsel, petitioner must establish that his counsel performed deficiently and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney is deficient when she commits acts or omissions that are "outside the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The defendant shows prejudice if, but for his counsel's

9

deficiency, there is a reasonable probability that the result would have been different. Id. at 697. Conclusory allegations of ineffective assistance will not suffice; they must be specific. See Oliver v. United States, 961 F.2d 1339, 1342 (7th Cir. 1992).

The state court of appeals rejected petitioner's claim, concluding that petitioner had not pointed to evidence that he had taken medication that might have interfered with his understanding of the sentencing proceeding or alleged that his counsel had a reason to believe that he suffered comprehension problems rather than merely the "potential" for such problems. The court of appeals also noted that the sentencing transcript showed that petitioner lucidly addressed the trial court in remarks spanning more than seven pages.

This decision was not contrary to or an unreasonable application of Strickland. The court cited the correct standard from Strickland and its conclusions were not "outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002). Further, petitioner did not present sufficient facts to warrant a hearing on this claim. He did not actually allege that he was incompetent, and he did not present any facts suggesting that he was. Finally, the record contains no reasonable basis for me to conclude that counsel should have ascertained that petitioner was incompetent. Thus, petitioner is entitled to no relief on this claim.

10

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Petitioner's request to file a brief in excess of the page limitations is **GRANTED**.

Dated at Milwaukee, Wisconsin this 26 day of September, 2005.

/s_____
LYNN ADELMAN
District Judge